Froessel, J.
On October 20, 1953, plaintiff was injured when he fell 25 feet from a scaffold erected alongside a firehouse in the city of Rochester. Plaintiff was at the time a roofer’s helper in the employ of Spring Sheet Metal & Roofing Company, a subcontractor, and was engaged in construction work on the aforesaid firehouse. Defendant Luther, appellant here, was the general contractor hired by defendant City of Rochester. The scaffold in question had been erected by the general contractor on all four sides of the firehouse. However, it is claimed that on the day of the accident only the west scaffold remained intact, the north and south scaffolds having been removed, and dismantling having been commenced the day before on the east scaffold, from which plaintiff fell.
Whatever dismantling may have been commenced on the east scaffold on October 19th was not resumed the following morning. On the morning of the 20th four of Spring’s men were working on the east scaffold; the previous day they had worked on the west scaffold. After two of them left to do other work, the two remaining men found they could not very well continue because the two planks on the top of the scaffold were not in proper position for them to carry on their work; they were too close to the building and the overhang was contacting them at about the level of their abdomens. They endeavored to push the planks, but only succeeded in moving one plank 3 to 4 inches. Plaintiff, a man of 60, who was then working on the ground, said: “ You young fellows aren’t doing it right.” One of the men then came down and plaintiff took his place above. As he walked across the planks at the top of the scaffold, about half their length, one plank tipped or rolled, he lost his balance and fell to the ground.
Plaintiff testified that before he went up on the scaffold he saw it was only two boards wide, and the other boards were on the ground; that as he climbed up the south end to the scaffold and had walked about half its length, “ the plank or something rolled * * * Í don’t know exactly * * * I grabbed * * * but I didn’t get nothing ”.
He sued both the general contractor and the City of Rochester. The jury in the Supreme Court, Monroe County, awarded plaintiff $20,000 as against defendant Luther, and found no cause of action as against defendant City of Rochester. The Appellate Division, Fourth Department, affirmed. Defendant Luther’s *399 appeal to us is solely from the judgment against it in favor of plaintiff. That judgment, in our opinion, should be reversed upon the ground that the charge of the court was not only confusing but virtually tantamount to a direction to bring in a verdict for plaintiff, unless the general contractor had ‘ ‘ warned [plaintiff] that the scaffolding was being taken down and must not be used ”.
The subcontractor’s men had been using the scaffolding on the west side on October 19th. There was abundant evidence that dismantling of the east side scaffold had been undertaken on the same day, and that the guardrails, toe boards and all the planks but two had been removed on that day. The court did not tell the jury that if they found that to be the fact, this very condition and appearance may have been so obvious to anyone attempting to use the east side scaffold on the 20th that it would have been foolhardy to attempt to use it in its then dismantled condition.
Certainly plaintiff’s wanton disregard for obvious consequences, if the jury had been permitted to find that as a fact, could defeat recovery, as the trial court itself recognized in a limited way with respect to the presence or absence of express warning. The dismantled condition itself could have constituted an adequate warning, and the jury should have been so charged.
The judgment of the Appellate Division should be reversed and a new trial granted, with costs to abide the event.
Dye, Fuld and Van Voobhis, JJ., concur with Fboessel, J; Conway, Ch. J., Desmond and Bubke, JJ., dissent and vote to affirm.
Judgment reversed, etc.